# EXHIBIT A

Nathan Brinton, Pro Se Plaintiff

31606 NE 134th Ct,
Battle Ground, WA 98604
360-702-7846
brintonnathan@gmail.com

SUPERIOR COURT FOR THE STATE OF WASHINGTON

FOR THE COUNTY OF CLARK

| NATHAN BRINTON, | Case No.: |
|---|---|
| Plaintiff, | |
| vs. | COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF |
| VIVINT, INC, | |
| JOHN DOES 1-10, INCLUSIVE, | |
| Defendants. | |

COMES NOW the Plaintiff, Nathan Brinton hereby alleges the following against Vivint Inc.

**I. INTRODUCTION**

1. This action is brought to recover damages for Defendants' persistent per se violations of Fla. Stat. § 668.603, Cal. Bus. & Prof. Code § 17529.5, and the Washington Consumer Protection Act ("CPA"), RCW 19.86 et seq. Defendants' violations of the Consumer Protection Act are a result of Defendants' violations of the Commercial Electronic Mail Act ("CEMA"), RCW 19.190 et seq.

2. Defendants advertised, initiated, or assisted in the transmission of over twenty misleading and unsolicited bulk commercial email solicitations. These misleading and

COMPLAINT - 1

unpermitted email messages were sent to email addresses held by Plaintiff Nathan Brinton, a Washington resident.

## II. PARTIES

3. Nathan Brinton is the Plaintiff in this case. At all relevant times, Mr. Brinton was a resident of Clark County and a citizen of the United States.

4. Vivint, Inc ("Vivint") is a Defendant in this case. Vivint is headquartered in Provo, Utah. They have branches in many states including Washington. Vivint sells home security products. Vivint conducts business in Washington by, in part, initiating the transmission, conspiring to initiate the transmission, or assisting in the transmission of bulk commercial emails to Washington residents.

5. John Does 1-10 are Defendants in this case. To the best of Plaintiff's knowledge, Vivint did not send these emails directly. They employed the use of John Does to advertise and transmit the emails to Plaintiff's inbox. Plaintiff intends to conduct discovery to determine the identity of John Does and amend this complaint to include them.

## III. JURISDICTION AND VENUE

6. The Legislature has conferred jurisdiction over this action and similar actions to this Court. Jurisdiction is proper under RCW 19.86.090, RCW 19.86.160, and RCW 19.190.090.

7. The violations alleged in this complaint have occurred in whole or in part in Clark County and venue is proper in this Court.

COMPLAINT - 2

8. Vivint is also subject to specific jurisdiction under the stream of commerce theory because they are a merchant advertiser who puts its products into the stream of commerce through nationwide distributors and specifically serves Clark County with those same products.

### IV. FACTS

9. From August 2022 through the present, Defendants have initiated transmission, conspired to initiate transmission, or assisted in the transmission of unsolicited, unpermitted, or misleading commercial electronic mail messages, otherwise known as "spam" to Plaintiff's email addresses.

10. The spam email messages Defendants caused to be sent misrepresented or obscured information about the point of origin and transmission path of the spam email. For example, one of the emails was sent from mis75.ski35.tqu.healthcareszone.org. This domain is privately registered using Cosmotown as a proxy to hide the owner's identity. This makes it impossible for Plaintiff to determine the identity of the entity sending the emails.

11. The spam email messages Defendants caused to be sent misrepresented or obscured information about the point of origin and transmission path of the spam email. The messages used false or dishonest "from:" lines or obscured information in "from:" lines. The "from:" lines identify the address, person, or organization from which the email originated. Email recipients use the "from:" line to determine the sender of the email. The spam emails received by Plaintiff often used falsified "from:" lines. These falsified "from:" lines indicated the email originated from a nonexistent email address or domain name or otherwise obscured information about the sender. By obscuring the information in the "from:" email, Defendants made it unreasonably difficult or impossible to discover the actual sender of the spam email. One of the spam messages

COMPLAINT - 3

received by Mr. Brinton, for example, used the "from:" line "plantat10nel-c1nturon@endurableh0ckey.fishabidingused.com." It is impossible to tell from this nonsensical email address who sent the email, and any message to this address would most likely be returned.

12. Defendants used third-party domain names without the permission of the third party. Defendants did so in both the header content of spam messages and within the content of spam messages.

13. Defendants' actions caused spam emails to be sent to email addresses belonging to Mr. Brinton, a Washington resident. Plaintiff clicked through the link in the emails and was sent to a landing page to buy Vivint's products.

14. Defendants' emails originated from several different servers in Florida, California, and France among others.

### V. LEGAL ALLEGATIONS

#### COUNT ONE

#### VIOLATIONS OF THE CONSUMER PROTECTION ACT, RCW 19.190 et seq.

15. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 9 through 14.

16. Defendants violated the Commercial Electronic Mail Act, RCW 19.190 et seq., by initiating the transmission, conspiring to initiate the transmission, or assisting in the transmission of commercial electronic mail messages which misrepresented or obscured information identifying the point of origin of those messages.

COMPLAINT - 4

17. Defendants violated the Commercial Electronic Mail Act, RCW 19.190 et seq., by using third-party domain names within the header information of spam emails and within the content of spam emails.

18. Violations of the Commercial Electronic Mail Act, RCW 19.190 et seq., are violations of the Consumer Protection Act, RCW 19.86 et seq.

19. Violations of the Commercial Electronic Mail Act, RCW 19.190 et seq., are per se unfair and deceptive acts for purposes of Consumer Protection Act claims.

20. Defendants' commercial solicitations occurred in trade or commerce.

21. Violations of the Commercial Electronic Mail Act, RCW 19.190 et seq., are per se matters vitally affecting the public interest for purposes of Consumer Protection Act claims.

22. Violations of the Commercial Electronic Mail Act, RCW 19.190 et seq, establish the injury element of a Consumer Protection Act claim as a matter of law.

23. Violations of the Commercial Electronic Mail Act, RCW 19.190 et seq, establish the causation element of a Consumer Protection Act claim as a matter of law.

### COUNT TWO

### VIOLATION OF Cal. Bus. & Prof. Code § 17529.5

24. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 9 through 13.

25. Defendants violated Cal. Bus. & Prof. Code § 17529.5 for every email that originated from a server in California.

COMPLAINT - 5

26. Defendants violated Cal. Bus. & Prof. Code § 17529.5(a)(1), by using third-party domain names within the header information of spam emails and within the content of spam emails.

27. Defendants violated the Cal. Bus. & Prof. Code § 17529.5(a)(2), by initiating the transmission, conspiring to initiate the transmission, or assisting in the transmission of commercial electronic mail messages which misrepresented or obscured information identifying the point of origin of those messages.

## COUNT THREE

## VIOLATION OF Fla. Stat. § 668.603

28. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 9 through 13.

29. Defendants violated Fla. Stat. § 668.603 for every email that originated from a server in Florida.

30. Defendants violated Fla. Stat. § 668.603(1)(a), by using third-party domain names within the header information of spam emails and within the content of spam emails.

31. Defendants violated the Fla. Stat. § 668.603(1)(b), by initiating the transmission, conspiring to initiate the transmission, or assisting in the transmission of commercial electronic mail messages that misrepresented or obscured information identifying the point of origin of those messages.

## VI. DAMAGES AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

32. For judgment against the Defendants on all counts;

COMPLAINT - 6

33. That the Court adjudge that each individual commercial electronic message Defendants caused to be sent was a separate and distinct violation of the Commercial Electronic Mail Act, RCW 19.190 et seq.;

33. For statutory liquidated damages as provided by RCW 19.190.040;

34. For treble damages as permitted by RCW 19.86.090;

35. For civil penalties under RCW 19.86.140;

36. For a permanent injunction, under RCW 19.86.090, prohibiting future and continuing violations of RCW 19.190 et seq., by Defendants;

37. For statutory liquidated damages as provided by Cal. Bus. & Prof. Code § 17529.5(a)(3)(B)(ii);

38. For statutory liquidated damages as provided by Fla. Stat. § 668.606(3)(b)

39. For a permanent injunction as provided by Fla. Stat. § 668.606 to enjoin future violations of Fla. Stat. § 668.603 by Defendants.;

40. For an award of attorney fees and other costs incurred during this action and/or to the fullest extent allowed by law or equity;

41. For prejudgment and post-judgment interests to the maximum allowable rate; and

42. For such other relief as this Court deems just and equitable.

Dated November 3rd, 2023.

*Nathan Brinton*
DocuSigned by: 6280F0D479F54B7...

Nathan Brinton, Pro Se Plaintiff
(360) 702-7846
31606 NE 134th Ct,
Battle Ground WA, 98604

COMPLAINT - 7

1  Nathan Brinton, Pro Se Plaintiff

2  31606 NE 134th Ct,
3  Battle Ground, WA 98604
   360-702-7846
4  brintonnathan@gmail.com

5              SUPERIOR COURT FOR THE STATE OF WASHINGTON

6
7                          FOR THE COUNTY OF CLARK

8  | NATHAN BRINTON, | Case No.: |
9  | Plaintiff, | |
10 | vs. | SUMMONS (20 DAYS) |
11 | | |
   | VIVINT, INC | |
12 | | |
   | JOHN DOES 1-10, INCLUSIVE, | |
13 | | |
14 | Defendants. | |

15

16     TO THE DEFENDANTS: A lawsuit has been started against you in the above entitled
17
   court by Nathan Brinton, plaintiff. Plaintiff's claim is stated in the written complaint, a copy of
18
   which is served upon you with this summons.
19
20     In order to defend against this lawsuit, you must respond to the complaint by stating your
21 defense in writing, and by serving a copy upon the person signing this summons within 60 days
22 after the service of this summons, excluding the day of service, or a default judgment may be
23
24 entered against you without notice. A default judgment is one where plaintiff is entitled to what
25 she or he asks for because you have not responded. If you serve a notice of appearance on the
26 undersigned person, you are entitled to notice before a default judgment may be entered.
27     You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand
28 must be in writing and must be served upon the person signing this summons. Within 14 days

SUMMONS - 1

1  after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on
2  you of this summons and complaint will be void.
3  
4  If you wish to seek the advice of an attorney in this matter, you should do so promptly so
5  that your written response, if any, may be served on time.
6  This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State of
7  Washington.

Dated November 3rd, 2023.



Nathan Brinton, Pro Se Plaintiff
(360) 702-7846
31606 NE 134th Ct,
Battle Ground WA, 98604

SUMMONS - 2